## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **AARON DEMARCUS WHITE,** | } |
| Plaintiff, | } |
| v. | } Case No. 2:25-cv-1679-ACA |
| **GOOGLE, et al.,** | } |
| Defendants. | } |

### MEMORANDUM OPINION

Plaintiff Aaron Demarcus White filed a *pro se* complaint against Defendants Walmart, Google, and Gordon Matthew Thomas Sumner. (Doc. 1). He asserts state law claims for slander and libel because each defendant uses the word "Englishman." (*Id.* at 5). All defendants move to dismiss. For the reasons stated below, the court **WILL GRANT IN PART** and **DENY IN PART** the motions. The court **WILL GRANT** the defendants' motions and **DISMISS** all claims against them for failure to state a claim. (Docs. 12, 15, & 19). The court **WILL DENY** Google's and Mr. Sumner's motion to the extent they seek dismissal for lack of jurisdiction. The court **WILL DENY** Mr. White's motion for default judgment (doc. 24) and **FINDS AS MOOT** his motion to not dismiss (doc. 26).

## I. BACKGROUND

At this stage, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012).

Mr. White alleges he is the only true "Englishman" because he is the only person that truly knows English. (Doc. 1 at 5). Accordingly, no other person or entity may use the word "Englishman." (*Id.*). Walmart uses the word "Englishman" online because the word is in the title of several products that it sells. (Doc. 1-3 at 9). Google search results also contain the word. (*Id.* at 10, 13–14). And Mr. Sumner's song, "Englishman in New York," repeats the word several times. (*Id.* at 10–11). Mr. Sumner performed this song in Alabama at Oak Mountain Theater on August 29, 2000. (*Id.* at 18–19, 22).

## I. DISCUSSION

All three defendants move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). But Google and Mr. Sumner also challenge the court's jurisdiction. (Doc. 15 at 7–8; doc. 19 ¶¶ 2, 3–7). "[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422,

430–31 (2007). Accordingly, the court addresses the parties' jurisdictional arguments first.

### 1. Subject Matter Jurisdiction

Google and Mr. Sumner argue that the court should dismiss the complaint under Rule 12(b)(1) because the claims are frivolous, thus depriving the court of subject matter jurisdiction. (Doc. 15 at 7–8; doc. 19 ¶ 2). But the line of cases that Google and Mr. Sumner rely on apply when a court's jurisdiction relies on federal question jurisdiction. *See, e.g.*, *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974).

Mr. White invokes this court's diversity jurisdiction. (Doc. 1 at 3). A federal court has diversity jurisdiction when the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Mr. White is a resident of Alabama. (*Id.* at 1). No other defendant is an Alabama resident. (*Id.* at 2, 4; doc. 1-2; *see also* doc. 16; doc. 20; doc. 22). Mr. White seeks more than $75,000 in damages. (Doc. 1 at 4). Accordingly, this court has subject matter jurisdiction and will not grant the motions to dismiss on that ground.

### 2. Personal Jurisdiction

Mr. Sumner contends that the court does not have personal jurisdiction over him. (Doc. 19 ¶¶ 3–7). Personal jurisdiction involves a two-step analysis: "the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United

3

States Constitution." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). In Alabama, "the two inquiries merge, because Alabama's long-arm statute permits the exercise of personal jurisdiction to the fullest extent constitutionally permissible." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007). A court must have either general or personal jurisdiction over the defendant.

The court does not have general personal jurisdiction over Mr. Sumner. A court has general jurisdiction when the defendant is domiciled in the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). As Mr. Sumner points out in his affidavit, he is not a resident of Alabama and does not own property in Alabama. (Doc. 19-1 ¶¶ 3–4). Thus, the court does not have general jurisdiction.

But the court has specific personal jurisdiction. Specific jurisdiction arises "out of a party's activities in the forum state that are related to the cause of action alleged in the complaint." *Sloss Indus. Corp.*, 488 F.3d at 925 (quotation marks omitted). A state may exercise personal jurisdiction over a nonresident who commits a tort in the state. *Lamb v. Turbine Designs, Inc.*, 207 F.3d 1259, 1260–61 (11th Cir. 2000). Here, Mr. White alleges that Mr. Sumner committed a tort when he performed a song in the state. (Doc. 1-3 at 18–19, 22). Although Mr. Sumner contends the allegations cannot state a claim, his motion does not address or dispute this allegation with regards to personal jurisdiction. (*See* doc. 19 at 2–4). Instead, Mr. Sumner argues that his song was not directed at the state of Alabama and relies on the *Calder*

4

effects test. *See Calder v. Jones*, 465 U.S. 783, 789–90 (1984). But that test applies when the alleged intentional tort occurred outside of the state. *See Moore v. Cecil*, 109 F.4th 1352, 1363–64 (11th Cir. 2024). Because Mr. White alleges Mr. Sumner committed an intentional tort while in Alabama, this court has specific personal jurisdiction.

### 3. Failure to State a Claim

Walmart, Google, and Mr. Sumner move to dismiss Mr. White's complaint under Federal Rule of Civil Procedure 12(b)(6) because it fails to state a claim for relief. (Doc. 12; doc. 15 at 8–9; doc. 19 ¶ 1).[1] "To survive a motion to dismiss, the plaintiff must plead 'a claim to relief that is plausible on its face.'" *Butler*, 685 F.3d at 1265 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Mr. White asserts claims for slander and libel. To state a claim, he must show four things: (1) the defendant made a false and defamatory statement; (2) "an unprivileged communication of that statement to a third party"; (3) "fault amounting at least to negligence"; and (4) "either actionability of the statement irrespective of

---

[1] Because the court agrees Mr. White's complaint does not state a claim, the court does not address Google's *res judicata* argument.

5

special harm or the existence of special harm caused by the publication of the statement." *Dolgencorp, LLC v. Spence*, 224 So. 3d 173, 186 (Ala. 2016) (quotation marks omitted). Mr. White alleges that he is the "only true Englishman," so no one else may use the word without "slandering" and "libeling" his name. (Doc. 1 at 5). But Mr. White's allegations do not state a claim. His complaint alleges facts divorced from any cause of action, including slander or libel. (*See generally id.*). Other allegations are conclusory. (*Id.*). The court therefore **WILL GRANT** the motions and **DISMISS** Mr. White's claims **WITH PREJUDICE** because any amendment would be futile.

    4.    <u>Mr. White's Motion for Default Judgment</u>

Mr. White moves for default judgment against Walmart because he contends Walmart did not respond to the lawsuit. (Doc. 24). But Walmart appeared and filed a motion to dismiss. (*See* doc. 12). Mr. White later conceded that default judgment is not appropriate. (Doc. 26). Accordingly, the court **WILL DENY** Mr. White's motion for default judgment. (Doc. 24).

## II.  CONCLUSION

For the reasons stated above, the court **WILL GRANT** the defendants' motions and **DISMISS** all claims against them **WITH PREJUDICE** for failure to state a claim. (Docs. 12, 15, & 19). The court **WILL DENY** Google's and Mr. Sumner's motion to the extent they seek dismissal for lack of jurisdiction. The

6

court **WILL DENY** Mr. White's motion for default judgment (doc. 24) and **FINDS AS MOOT** his motion to not dismiss (doc. 26).

    **DONE** and **ORDERED** this January 5, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE